## REITENBACH v BOTZUM THEATRES CO

Ohio Appeals, 9th Dist, Summit Co

No 2299.   Decided Oct 8, 1934

Herberich, Felker, Rowley & Taylor, Akron, for plaintiff in error.

Naef & McIntosh, Akron, for defendant in error.

**OPINION**

**By WASHBURN, PJ.**

The concrete question to be determined is as to whether the trial court was right in deciding that the facts stated by counsel, liberally construed and presumed to be true, did not establish any legal duty which the defendant owed the plaintiff and which the defendant failed to discharge, and that therefore no actionable negligence was shown.

The rule is well established in Ohio that the defendant is not answerable in damages for injuries sustained by plaintiff, unless those injuries were caused by the neglect of the defendant to observe and perform some duty which it owed to plaintiff.

Railroad Co. v Harvey, 77 Oh St 235.

Hannan, Admr. v Ehrlich, 102 Oh St 176.

Many cases are discussed in the briefs of counsel and have been considered by the court. We shall make no attempt to refer to them or discuss any of them, or to compare them with or distinguish them from the situation presented by the record in this case, but will simply indicate our conclusion as to the law which we think is established by the cases as applied to the facts shown in the instant case.

It appears in this case that, while the fire escape overhung the alley, it was maintained in a position which was 10 or 12 feet from the surface of the alley, and the only inference permissible is that it was intended and used not as a means of access to the building, but only as a means of escape from the building in case of necessity, and that it was not designed or intended that any part of it should be lowered to the surface of the alley except when being used as a means of descending from the theater.

There was no claim that a convenient means of gaining entrance from the alley to the end section of the fire escape was furnished by defendant, nor was there any inherently dangerous instrumentality involved.

While the fire escape overhung the alley some 10 or 12 feet above the surface of the alley, it is a debatable question as to whether it can be said to be in the alley unless it was easily or conveniently accessible from the alley to boys playing in the alley; and likewise, in determining whether it was an attractive nuisance, it is of importance to know whether it and the defendant's building to which it was attached, were so constructed as to suggest to boys playing in the alley the idea of going upon the fire escape, and thus, by reason of its accessibility, constitute a sort of an implied invitation or permission to boys playing in the alley to go upon the fire escape; and hence, if the defendant owed any duty to the plaintiff, who was not a patron of the theater at the time, and who was not using the fire escape for any purpose for which it was intended, such duty could arise only because the defendant maintained the fire escape under such circumstances that a reasonable person should reasonably have anticipated that boys of the age of plaintiff, who were rightfully in the alley, would probably get upon the fire escape from said alley, or at least that it was not unlikely that they would do so.

If there were no means by which the boys could conveniently get upon the fire escape from the alley, the defendant would owe the boys no duty to keep the fire escape in repair or to warn them not to go

upon it from the alley, and therefore, in order to establish a duty upon the part of defendant, it was necessary that the statement, either directly or by reasonable inference, show that the means of access to the fire escape from the alley was such as to impliedly invite boys of that age to go upon said fire escape, or at least that it was not unlikely that such boys would do so.

All that is said in the statement is that the boys got upon the fire escape from the alley. If they brought with them a ladder in order to get onto the fire escape, it would be plain that the defendant was not charged with the duty of anticipating or guarding against such an occurrence. It is true that we must give to the plaintiff all reasonable inferences that may be drawn from the facts set forth in the statement of counsel, and that a reasonable inference would be that the boys, in some manner, climbed up the side of the building, and by that means got upon the fire escape; but if the means by which they climbed up were not such that a reasonable person might reasonably expect boys to gain access to said fire escape by such means, then, of course, there was no duty on the part of the defendant to anticipate that boys would get upon the fire escape by those means; and certainly there is nothing in the statement which would warrant the inference that the means of access were such as to constitute an implied invitation or permission to go upon the fire escape from the alley, and the photograph of the alley and building which was added to the bill of exceptions by stipulation of counsel, does not show such an easy means of access to the fire escape from the alley as to constitute an implied invitation or permission to go upon the fire escape from the alley, nor such a situation as would warrant the conclusion that a reasonable person might reasonably expect that boys playing in the alley would be likely to gain access to the fire escape by climbing up the side of the building.

We think that it was incumbent upon the plaintiff to set forth in the statement facts from which it would appear, at least by reasonable inference, that the situation was such as to create a duty upon the defendant to guard against boys getting upon the fire escape in the manner in which they did, and after giving to the statement of counsel a liberal construction favorable to the plaintiff, we fail to find that facts were stated which showed that the defendant owed the plaintiff any legal

duty which the defendant failed to discharge, and that therefore it was not error for the trial judge to direct a verdict in favor of the defendant.

With reference to the encroachment of said fire escape into the area above the alley being a violation of §12600-110, GC, we are of the opinion that, as a matter of law, there was no causal connection between that encroachment and the injury.

Judgment affirmed.

FUNK and STEVENS, JJ, concur in judgment.